**William J. WHITSITT, Plaintiff––
Appellant,**

v.

**CLUB RESOURCE GROUP,
Defendant—Appellee.**

No. 08–16549.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William J. Whitsitt, Tracy, CA, pro se.

Shanna Mcdaniel, Esquire, Deputy Attorney General, Office of the California Attorney General, Alden J. Parker, Esquire, Basham Parker LLP, Sacramento, CA, for Defendant–Appellee.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

William J. Whitsitt appeals pro se from the district court's summary judgment for his former employer, Club Resource Group, in his action alleging, inter alia, age discrimination in violation of the Age Discrimination in Employment Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, and for abuse of discretion the district court's denial of a motion to withdraw or amend an admission under Rule 36 of the Federal Rules of Civil Procedure. *Conlon v. United States,* 474 F.3d 616, 621 (9th Cir.2007). We may affirm on any basis supported by the record. *Gordon v. Virtumundo, Inc.,* 575 F.3d 1040, 1047 (9th Cir.2009). We affirm.

The district court did not abuse its discretion by construing Whitsitt's opposition to the motion for summary judgment as a motion to withdraw admissions under Rule 36, and denying the motion, because withdrawal would have been prejudicial to Club Resources Group. *See Conlon,* 474 F.3d at 622–24 (affirming denial of a motion to withdraw admissions because of prejudice to the party that relied on the admissions).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ In light of Whitsitt's admissions, the district court properly granted summary judgment because Whitsitt failed to make the prima facie showing that he was performing his job satisfactorily. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1280–81 (9th Cir.2000) (explaining that a prima facie case of age discrimination requires that plaintiff show he was (1) at least age 40; (2) performing his job satisfactorily; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications).

Whitsitt's contention that the magistrate judge was impermissibly biased against him is unavailing because he never filed a recusal motion pursuant to 28 U.S.C. § 144. *See United States v. Castro,* 887 F.2d 988, 1000 (9th Cir.1989).

Because Whitsitt failed to raise his remaining claims in his opposition to summary judgment, the district court did not err in granting summary judgment on these claims. *See Shakur v. Schriro,* 514 F.3d 878, 892 (9th Cir.2008).

Whitsitt's remaining contentions are unpersuasive.

**AFFIRMED.**

